**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　Plaintiff-Appellee,

v.

MICHAEL FYKES,

　　Defendant-Appellant.

No. 98-1103
(D.C. No. 92-CR-149-M)
(District of Colorado)

**ORDER AND JUDGMENT** [*]

Before **PORFILIO** , **KELLY** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Michael Fykes appeals the district court's denial of his motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c).  We affirm because his

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument for modification is foreclosed by our decision in United States v. Kissick, 69 F.3d 1048 (10th Cir. 1995).

A jury convicted Mr. Fykes of conspiracy to distribute cocaine base and possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. On December 4, 1992, the district court sentenced him to 100 months in prison. Mr. Fykes asks that we modify his sentence because the district court did not have before it evidence that showed the cocaine base fit the definition of crack in U.S.S.G. § 2D1.1 as amended by the Sentencing Commission's Amendment 487. In Kissick, we held that we would not apply Amendment 487 retroactively because it is not listed in U.S.S.G. § 1B1.10 and is substantive, rather than clarifying. See Kissick, 69 F.3d at 1052-53. The district court sentenced Mr. Fykes in December 1992 and Amendment 487, which Kissick held non-retroactive, did not become effective until almost a year later, in November 1993. Therefore, Mr. Fykes may not rely on Amendment 487's definition of crack as a basis for modification of his sentence. We affirm the denial of the motion to modify. The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge


- 2 -